# UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

STACEY L. MEISEL　　　　　　　　　　　　　　　　　　　　　　　　　　　(973) 645-2464
BANKRUPTCY JUDGE　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (973) 645-2603

**<u>NOT FOR PUBLICATION</u>**

October 5, 2016

Nicholas Fitzgerald, Esq.
Fitzgerald & Associates
649 Newark Ave
Jersey City, New Jersey 07306
*Counsel for Debtor-Defendant, Bhavesh Singh*

David Edelberg, Esq.
Cullen and Dykman LLP
433 Hackensack Avenue
Hackensack, NJ 07601
*Counsel for Alena Singh*

Benjamin A. Stanziale, Jr., Esq.
Stanziale & Stanziale, P.C.
29 Northfield Avenue, Suite 201
West Orange, New Jersey 07052
*Chapter 7 Trustee*

Patricia A. Staiano, Esq.
Joseph H. Tringali, Esq.
Hellring, Lindeman, Goldstein & Siegal LLP
One Gateway Center, 8th Floor
Newark, New Jersey 07102
*Counsel for Chapter 7 Trustee*

Paul F. Clausen, Esq.
Clausen and Associates
17 East Main Street
Clinton, New Jersey 08809
*Counsel for Plaintiff, The Law Offices of Bruce E. Baldinger*

**Re:　Bhavesh Singh　– Case No. 15-20348 (SLM)**
　　　**Stanziale v. Singh – Adv. Pro. No. 15-02159 (SLM)**
　　　**<u>Baldinger v. Singh – Adv. Pro. No. 15-02085 (SLM)</u>**

Page 2
October 5, 2016

Dear Counsel:

Before this Court are two contested matters: (i) a *Motion for Entry of Judgment and Vacating of Settlement Term* ("**Motion to Vacate**"), by and through The Law Offices of Bruce E. Baldinger ("**Baldinger Firm**"); and, (ii) a *Cross-Motion For An Order Enforcing Settlement And Imposing Sanctions* by Alena Singh[1] ("**Ms. Singh**"), by and through her counsel, David Edelberg, Esq., seeking sanctions and to enforce the terms of the parties' global settlement of Adversary Proceedings Nos. 15-02085 and 15-02159. The parties' global settlement is memorialized in this Court's July 8, 2016 Consent Order.

## JURISDICTION AND VENUE

The Court has jurisdiction over these contested matters under 28 U.S.C. §§1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(I) and (J). Venue is proper in this Court pursuant to 28 U.S.C. §1408. The following constitutes this Court's findings of fact and conclusions of law.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Mr. Bhavesh Singh ("**Debtor**" or "**Debtor Singh**"), by and through counsel Nicholas Fitzgerald, Esq., filed a Chapter 7 Petition on June 1, 2015. Benjamin A. Stanziale, Jr. was appointed as Chapter 7 Trustee on June 2, 2015.

On August 6, 2015, the Baldinger Firm filed a Complaint against Mr. Singh commencing Adversary Proceeding No. 15-02085, asserting non-dischargeability claims under §§523(a)(2),

---

[1] The Debtor and Ms. Singh are divorced as per the representations of the parties.

Page 3
October 5, 2016

and (a)(6). Likewise, on September 8, 2015, the Chapter 7 Trustee filed a Complaint against Debtor Singh and Ms. Singh commencing Adversary Proceeding No. 15-02159, asserting fraudulent transfer claims under §§544 and 550, and N.J.S.A. 25:2-25 and 25:2-27(a). Thereafter, this Court appointed a mediator for the adversary proceedings. Debtor Singh, Trustee, Ms. Singh, the Baldinger Firm as well as their respective counsels, all attended mediation on June 15, 2016. The mediation resulted in a global settlement of the pending Adversary Proceedings Nos. 15-02085 and 15-02159.

On July 8, 2016, this Court entered the *Consent Order Approving Settlement of the Adversary Proceedings* ("**Consent Order**"), resolving Adversary Proceeding Nos. 15-02159 and 15-02085 and incorporating the terms specified in the Settlement Term Sheet attached as Exhibit A to the Consent Order. (Adv. Pro. No. 15-02085, Docket No. 32; Adv. Pro. No. 15-02159, Docket No. 28).

The Consent Order provided the following regarding Debtor Singh:

1. A total of $135,000 shall be paid by the Debtor and Alena to the Trustee and the Baldinger Firm as follows:

    a. Within 30 days of the Mediation Date, the Debtor shall pay to the Baldinger Firm the sum of $35,000.

    b. Within 30 days of the Mediation Date, the Debtor shall pay to the Trustee the sum of $15,000.

    e. On or before the one year anniversary of the Mediation Date, the Debtor shall pay to the Baldinger Firm the sum of $55,000.

3. The Debtor shall execute a consent judgment in the action instituted by the Baldinger Firm which shall provide that judgment shall be entered in favor of the Baldinger Firm and against the Debtor in the amount of $152,000, which shall be deemed non-dischargeable. The judgment amount shall be reduced, dollar for dollar, to the extent of payments made under the terms of the parties' settlement agreement. Upon payment in full of the sums required to be tendered by the Debtor hereunder, the judgment shall be deemed satisfied.

4. Upon the Trustee's receipt of the sum of $45,000 from the Debtor and Alana as provided for above, (a) the Debtor shall be deemed released of any and all claims by the Trustee and (b) the Debtor may file a motion with the Bankruptcy Court to dismiss his bankruptcy case, which neither the Trustee or the Baldinger Firm shall oppose.

The Consent Order also provided the following regarding Ms. Singh:

    c. Within 30 days from the Mediation Date, Alena shall pay to the Trustee the sum of $25,000.

    d. Commencing 60 days from the Mediation Date, and continuing monthly for a period of 5 months, Alena shall pay to the Trustee equal monthly payments of $1000 for a total of $5000.

2. Upon Alena's payment of the total sum of $30,000 hereunder, she shall be deemed released of any and all claims by the Trustee and the Baldinger Firm. The actions by the Trustee against Alena in the Bankruptcy Court and the Baldinger Firm against

Page 5
October 5, 2016

> Alena in the Superior Court shall be dismissed with prejudice. In addition, the Debtor shall provide Alena with a general release of claims.

Debtor failed to make his required initial payment of $35,000. Ms. Singh failed to timely make her required initial payment in the amount of $25,000. Although Ms. Singh ultimately paid the entire $30,000 due on August 22, 2016, this payment occurred after the Baldinger Firm filed this Motion to Vacate. Specifically, the Baldinger Firm filed the instant Motion to Vacate on July 20, 2016, seeking to vacate the Consent Order and requesting entry of a non-dischargeable judgment against Debtor in the amount of $152,000.

Thereafter, on August 9, 2016, Ms. Singh filed an Objection asserting, among other things, that the Baldinger Firm's efforts to void the release of Ms. Singh as a defendant is "inconsistent with the agreed upon terms of the Consent Order and Settlement Agreement." (Adv. Pro. No. 15-02085, Docket No. 36). Three days later, on August 12, 2016, the Baldinger Firm filed a Response asserting, among other things, that "any agreement to settle [with the Debtor] was based upon a representation of liquid funds which [it] required before entering into any resolution." (Adv. Pro. No. 15-02085, Docket No. 37-1, para. 22). The Baldinger Firm further asserted that the Consent Order also required the Debtor to execute a Default Judgment for $152,000, which the Debtor failed to do.

On September 6, 2016, Ms. Singh filed a Cross-Motion to the Motion to Vacate. In the Cross-Motion, Ms. Singh contends the sole remedies for events of default are set forth in paragraph 3 of Exhibit A attached to the Consent Order. Ms. Singh further argues that the Baldinger Firm "repeatedly and unmistakably demonstrated its agreement to the settlement and … its intent to be bound by the [s]ettlement." (Adv. Pro. No. 15-02085, Docket No. 38-1). For these reasons, Ms. Singh argues that "the settlement agreement is an enforceable contract that should be enforced by

this Court." (Adv. Pro. No. 15-02085, Docket No. 38-1). Ms. Singh also cross-moved for Rule 9011 sanctions on the basis that the Baldinger Firm's "repeated refusals to comply with the crystal clear terms of the [s]ettlement are unreasonable and entirely unjustified." (Adv. Pro. No. 15-02085, Docket No. 38-1).

On September 8, 2016, the Debtor filed an Objection to the Baldinger Firm's request to terminate the parties' settlement agreement recognizing his non-compliance and explaining, among other things, his need for a six-month extension to make the initial $35,000 payment due under the Consent Order. (Adv. Pro. No. 15-02085, Docket No. 39). The following day, on September 9, 2016, the Baldinger Firm filed a *sur reply* asserting, among other things, that Ms. Singh's Cross-Motion for sanctions is improper under Rule 9011. (Adv. Pro. No. 15-02085, Docket No. 41).

This Court heard oral argument on the Motion to Vacate and Ms. Singh's Cross Motion on September 13, 2016. The Baldinger Firm asserted that it was misled by the Debtor in the negotiations since it is clear to the Baldinger Firm the Debtor never intended to live up to his end of the deal. The Baldinger Firm also reiterated that Ms. Singh failed to timely pay according to the terms of the parties' agreement. Finally, the Baldinger Firm asserted that the Consent Order in no way limits its rights upon a default. Instead, it merely provided one remedy available to the Baldinger Firm. The Baldinger Firm asserts it never agreed to any limitation on default believing it would be able to utilize all rights and remedies available, without limitation.

Ms. Singh emphasized her compliance with her terms under the Consent Order and referred to the untimeliness of her payment due thereunder as *de minimus* defaults. She further asserted that since she ultimately paid the amount required and even paid the remaining portions early, the Baldinger Firm should not be allowed to prejudice her by voiding her release. Debtor's counsel

Page 7
October 5, 2016

acknowledged the Debtor's default but advised that while the Debtor has the $35,000 in funds required to make his initial payment, the funds are in a frozen account. Accordingly, the Debtor requested a six-month extension for the required payment, which permits him to: return to the United States; unfreeze his assets; and pay the amounts due under the Consent Order. After hearing oral arguments, the Court reserved. The following is the Court's decision on these contested matters.

## DISCUSSION

**Rule 60(b)**

At dispute is the enforceability of the Consent Order and whether this Court should vacate it. Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a final judgment, order, or proceeding in certain limited circumstances. Federal Rule of Civil Procedure 60, made applicable by Federal Rule of Bankruptcy Procedure 9024, provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from a judgment under Rule 60(b) should be granted only in exceptional circumstances. *Boughner v. Sec'y of Health, Educ. & Welfare, U.S.*, 572 F.2d 976,

977 (3d Cir. 1978). The Third Circuit has held that "a consent decree is generally treated as a final judgment on the merits and accorded *res judicata* effect … except when there has been an express reservation of rights." *See United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir. 1984).

The Consent Order does not contain an express reservation of rights. Therefore, Rule 60(b) applies because the Consent Order constitutes final judgment. While there are six disjunctive elements under Rule 60(b), this Court will only examine Rule 60(b)(1) and (b)(3) as these subsections are the most applicable to the parties' arguments although not expressly addressed by the parties.

**Rule 60(b)(1)**

Federal Rule of Civil Procedure 60(b)(1) permits the court, "[o]n motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see In re G-I Holdings, Inc.*, 472 B.R. 263, 279 (Bankr. D.N.J. 2012). A party's mere dissatisfaction with its deliberate choices is not sufficient grounds for finding mistake, inadvertence, surprise, or excusable neglect to justify Rule 60(b)(1) relief. *United States v. Zoebisch*, 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013), *aff'd*, 586 Fed. Appx. 852 (3d Cir. 2014) (denying defendant's motion to reopen based on his " 'buyer's remorse' as to the terms of the Settlement Agreement into which he voluntarily and clearly stated his intention to enter"). Likewise, a party's unilateral mistake and/or misjudgment of the facts is not sufficient grounds to justify the extraordinary remedy of vacating an order or a judgment. *In re Bella Fiore LLC*, 2016 WL 4480717, at *10 (Bankr. D.N.J. Aug. 23, 2016) (holding that failing to estimate a satisfactory return does not justify vacating an agreed upon consent order, which provided no conditions regarding the return). Courts in the Third Circuit have applied Rule 60(b)(1) to "settled cases." *Kohl's Dep't Stores, Inc. v. Levco–*

*Route 46 Assocs.*, *L.P.*, 121 F. App'x 971 (3d Cir. 2005); *Espinosa v. Fornos Rest., Inc.*, 2014 WL 4979451, at *2 (D.N.J. Oct. 3, 2014).

The Consent Order without review of Exhibit A is simply two ordered paragraphs, one of which, incorporates Exhibit A – *The Term Sheet for Settlement*. Thus, any analysis of the Consent Order rests on the terms in its Exhibit A. Review of Exhibit A under Rule 60(b) requires this Court to analyze whether Exhibit A meets the standards for a valid and enforceable contract. The principles of state contract law govern a settlement agreement as well as the validity and enforcement of same. *Tedesco Mfg Co. v. Honeywell Int'l, Inc.,* 127 F. App'x 50, 52 (3d Cir. 2005); *see also Tedesco Mfg. Co. v. Honeywell Int'l Inc.,* 371 F. App'x 316, 319 (3d Cir. 2010); *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 200 (3d Cir. 2012).

Under New Jersey law, mutual assent is a cornerstone and primary requisite to the formation of a contract. *Leitner v. Braen*, 51 N.J. Super. 31, 38 (App. Div. 1958). In order to have an enforceable settlement or contract, there must be a "meeting of the minds for each material term to an agreement." *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, 2006 WL 166470, at *3 (D.N.J. Jan. 23, 2006) (citing *Sampson v. Pierson*, 140 N.J. Eq. 524, 55 A.2d 218 (N.J. Ch. 1947)). "Where there is a misunderstanding between the contracting parties pertaining to one of the material terms of an agreement, there is no meeting of the minds, and therefore no contract." *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, 2006 WL 166470, at *1; *see also Barton v. Mid-Atl. Flooring Ventures Inc.*, 2016 WL 4119803, at *5 (D.N.J. Aug. 1, 2016) (denying the defendants' motion to enforce contract since the parties did not share a mutual understanding of the release provision).

This Court's review of the Consent Order along with Exhibit A shows that neither contain what is commonly referred to in transactional law as a "cure" provision nor a "default" provision. The terms of Exhibit A are simplistic and are identified as a "term sheet." It appears to this Court

the parties decided against drafting a more inclusive agreement and in doing so, left out many of the provisions commonly found in a contract. While this may not always create a problem and sometimes a simple agreement can be the best agreement; in this instance, it could prove fatal. Especially, if the missing terms lead to a misunderstanding of the material terms of the parties' agreement.

Here, it is evident to the Court that there was no mutual meeting of the minds concerning the terms incorporated into the Consent Order. Therefore, the settlement agreement is not an enforceable contract. All of the parties urge this Court to accept certain terms of the agreement and discard others: the Baldinger Firm desires this Court to enforce a portion of paragraph 3; Ms. Singh requests her releases after an untimely payment despite the absence of a cure provision; and the Debtor wants the Court to ignore his default and provide him with more time. Yet, Exhibit A lacks any provisions to fulfill any of the relief requested.

For example, the Baldinger Firm asserts the "default provision" in paragraph 3 did not expressly limit its right to pursue remedies. Ms. Singh takes the opposite position, asserting the Baldinger Firm expressly limited its rights and remedies to the remedy in paragraph 3. This Court finds nothing in the Consent Order or Exhibit A limiting the Baldinger Firm's rights and remedies. Instead, the Court sees one remedy available but no limitation on the pursuit of others. Thus, while Exhibit A mentions the ability of the Baldinger Firm to obtain a default judgment, the Court will not interpret paragraph 3 of Exhibit A to be the sole remedy of relief available to the Baldinger Firm in the event of a default. To do so, would require this Court to re-write the parties' agreement for them. This Court cannot provide the material terms to the parties' agreement.

Likewise, the Consent Order does not contain provisions addressing a cure upon default. Ms. Singh argues she did not "default" because she ultimately provided full payment of the total

amount due by her under the Consent Order. But even she admits that she certainly did not comply with the express terms of Exhibit A. The settlement terms required Ms. Singh to pay an initial amount of $25,000 to the Trustee within 30 days of the mediation. She failed to do so. Instead, Ms. Singh paid late and then only after the Baldinger Firm filed this Motion to Vacate. Now, this Court could find "no harm, no foul" since Ms. Singh ultimately paid. After all, "cash is king" in bankruptcy. But this Court will not do so. Exhibit A contains no cure provision. This Court cannot fill in material terms of the agreement and the lack of a cure provision appears to be material in that it impacts the parties' understanding of their deal.

Exhibit A also lacks a provision providing whether Ms. Singh's release is contingent upon or tied to the Debtor's actions (i.e. payments). Here, Debtor defaulted on all of his obligations under Exhibit A. Neither the parties nor the documents shed any light on the parties' expectations in that regard. Maybe, no one – except for perhaps the Debtor – considered the Debtor defaulting before fulfilling any of his obligations. As a result, Exhibit A fails to address that situation and instead only vaguely touches the issue of default. The parties left out too many terms, which left too many holes for this Court to decide that this agreement is enforceable. Instead, this Court has no choice but to find that the there was no meeting of the minds between the parties.

The parties made too many mistakes in adopting Exhibit A as their agreement without fleshing out more of the material terms. As shown by the nature of the parties' dispute, there was no meeting of the minds. For these reasons, this Court finds that "cause" exists to undo the parties' "settlement agreement," as memorialized in the Consent Order, under Federal Rule of Civil Procedure 60(b)(1) and New Jersey contract law. The Court recognizes the difficult situation this decision puts the Trustee in (since Ms. Singh's payments benefitted the estates) but unfortunately that benefit cannot override the deficiencies in Exhibit A.

Page 12
October 5, 2016

**Rule 60(b)(3)**

Although this Court will vacate the Consent Order under Rule 60(b)(1), this Court believes its necessary to analyze the allegations of fraud made by the Baldinger Firm. Federal Rule of Civil Procedure 60(b)(3) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A judgment can be vacated under Rule 60(b)(3) only if the movant shows by clear and convincing evidence that "the judgment was obtained through such fraud that 'prevented [it] from fully and fairly presenting [its] case.'" *Boldrini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015) (quoting *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)).

The Baldinger Firm asserts it entered into the Consent Order based upon Debtor's purported representation that he had liquid funds available to make the payments agreed to in the settlement agreement. The record is replete with information showing the long history of the Debtor's failure to pay the Baldinger Firm. The Baldinger Firm would like this Court to believe it was blindsided by the Debtor's lack of liquid funds. Based upon the history between the parties and an incomplete record on the issue, this Court will not make a finding of fraud or misrepresentation. While the Court is vacating the Consent Order under Rule 60(b)(1), this Court finds Rule 60(b)(3) inapplicable to this case based on the prior history between the parties and lack of evidence on the issue. The parties may not have had a meeting of the minds, but the Baldinger Firm provided this Court with no evidence in support of the Motion to Vacate to support a finding of fraud. This Court's finding is without prejudice to future proceedings.

**Ms. Singh's Sanction Request**

This Court finds that Ms. Singh's request for sanctions against the Baldinger Firm is improper under Rule 9011.  Federal Rule of Bankruptcy Procedure 9011 provides in part that a court may impose sanctions upon attorneys, law firms or parties if, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated.  *See* Fed. R. Bankr. P. 9011.  In the first instance, a Rule 9011 request for sanctions must be initiated by motion, "made separately from other motions or requests ... and may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)."  *See* Fed. R. Bankr. P. 9011(b) and (c).

As an initial matter, prior to bringing this Motion, Ms. Singh satisfied her obligation under Rule 9011(c)(1)(A) by sending the appropriate letter to the Baldinger Firm on August 23, 2016 before taking further action.  However, Ms. Singh failed to wait 21 days before taking further action.  Thus, the Court finds Ms. Singh failed to comply with Rule 9011 because (1) she did not wait 21 days after sending notice, and (2) she did not file her request for sanctions as a separate motion.  Ms. Singh's request for sanctions is therefore denied.

**<u>CONCLUSION</u>**

Based upon the foregoing, this Court finds that cause exists to vacate the Consent Order, under Federal Rule of Civil Procedure 60(b)(1) and New Jersey contract law.  Ms. Singh's request for sanctions against the Baldinger Firm under Rule 9011 is denied.  Accordingly, this Court will enter an Order vacating the Consent Order and denying sanctions consistent with this Opinion.

Very truly yours,

_____
Honorable Stacey L. Meisel
United States Bankruptcy Judge